UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF FERGUSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12CV529 CDP ) |
| TARONNE J. HENDERSON, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant Taronne Henderson seeks to remove a criminal proceeding, in which he is being prosecuted for possession of marijuana, from the Circuit Court of St. Louis County to this Court pursuant to 28 U.S.C. § 1443(1). The Court has reviewed the notice of removal and will remand the case pursuant to 28 U.S.C. § 1446(c)(4).

As grounds for removal, defendant states that he is an "Aboriginal Indigenous Moorish-American," and therefore, he is not subject to the laws of Missouri or the United States.

Title 28 U.S.C. § 1443 states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for

>the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). "'[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." State of Ga. v. Rachel, 384 U.S. 780, 800 (1966)).

Defendant's grounds for removal are legally frivolous. They state no ground cognizable in federal court for removal, and the Court is unable to view any possible amendment to the petition that could bring the case within the rule permitting removal. As a result, the Court will remand this action back to the state court.

Additionally, defendant has filed a motion to proceed in forma pauperis. After reviewing defendant's financial affidavit, the Court has determined that defendant is not entitled to proceed in forma pauperis. As a result, the Court will order defendant to pay the $350 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall pay the $350 filing fee within thirty days of the date of this Order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Circuit Court of St. Louis County, with reference to <u>City of Ferguson v. Taronne Henderson</u>, 11SL-MU01379.

Dated this 22nd day of March, 2012.

*[signature: Catherine D. Perry]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE